UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY D. WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00096-JPH-CSW |
| | ) | |
| LORRAINE RICHARDSON, | ) | |
| MARY DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Bradley D. Warner alleges that Anderson Housing Authority (AHA) employees violated his due process rights by wrongfully evicting him and denying his request for a hearing regarding his lease termination. Defendants, Mary Davis and Lorraine Richardson, have moved for summary judgment, arguing that Mr. Warner was not entitled to a hearing and that they are entitled to qualified immunity. Dkt. [60]. For the reasons below, that motion is **GRANTED**.

**I.**
**Facts and Background**

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

In 2020, Mr. Warner entered a lease agreement with the AHA, a public-housing agency that administers Section 8 housing vouchers. Dkt. 62-1 at 14–

15.  The agreement's "Termination of Lease" provision allowed termination for, among other things, "[c]riminal activity by the Tenant . . . including criminal activity that threatens the health, safety or right to peaceful enjoyment of the Authority's public housing premises by other residents."  *Id.* at 10–11.

On June 10, 2021, Mr. Warner came to Ms. Davis, the apartment manager, and told her that children were in distress in another unit.  Dkt. 62-2 at 1.  Ms. Davis and Mr. Warner visited that unit, and Mr. Warner forced his way in when the tenants answered the door.  *Id.* at 1–2.  He began arguing with the tenant and yelled at Ms. Davis when she attempted to intervene.[1]  *Id.* Police were dispatched to the apartment complex in response to this confrontation.  *Id.* at 1.  Later that day, Mr. Warner was arrested and charged with Residential Entry.  *Id.* at 2.  He pled guilty in November 2022.  Dkt. 62-3.

On June 10, 2021, Ms. Davis issued a Notice of Violation ("Notice") to Mr. Warner, indicating that the AHA intended to terminate his lease.  Dkt. 62-4. The Notice cited a violation of the criminal activity lease provision and stated that Mr. Warner had seventy-two hours after service of the Notice to vacate the property.  *Id.*  Mr. Warner vacated the unit as directed and requested a hearing on the basis of "wrongful eviction."  Dkt. 62-5.

On June 30, 2021, the Housing and Compliance Manager, Lorraine Richardson, denied this request, reasoning that a hearing was "not warranted"

---

[1] Mr. Warner contests the allegations about his forced entry and the nature of his interaction with the tenant and Ms. Davis, but he has designated no evidence placing these facts in dispute.  *See* Dkt. 63 at 7–9; *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011).

because "there was no eviction." *Id.* Rather, Mr. Warner's lease was terminated due to "program violations" and he "complied by vacating the unit." *Id.*

Mr. Warner filed this case in January 2023, dkt. 1; dkt. 9 (operative complaint), and is proceeding on procedural due process claims against Ms. Davis and Ms. Richardson in their individual capacities, dkt. 41 at 15 (order dismissing other claims and defendants). On February 26, 2025, Defendants filed a motion for summary judgment. Dkt. 60.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

Defendants argue they are entitled to summary judgment because they did not deprive Mr. Warner of any required hearing and, regardless, are entitled to qualified immunity. Dkt. 61 at 5–7. Mr. Warner responds that his procedural due process rights were violated when he was "illegal[ly] evict[ed]" and denied a hearing, and that qualified immunity should not apply because Defendants acted with "malicious intent." Dkt. 63 at 28–29.

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[2] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)); This "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 (1987)). Qualified immunity thus "balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

---

[2] Defendants cite a different qualified immunity standard set out in *Young v. Peoria Housing Auth.*, 479 F. Supp. 1093, 1096 (C.D. Ill. 1979), but *Young* applied a prior qualified-immunity test under which qualified immunity was inappropriate if a defendant acted with a "malicious intention" of violating constitutional rights. *Id.* That subjective test no longer applies, *see Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982), so the parties' dispute about whether Defendants acted with malicious intention does not affect the analysis. Dkt. 61 at 7–8; dkt. 63 at 28–29.

The "difficult part" of the qualified-immunity test is "identifying the level of generality at which the constitutional right must be clearly established." *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). A "high level of generality" is not appropriate; instead, the question is "whether the law was clear in relation to the specific facts confronting the public official when he acted." *Id.* The analysis must proceed defendant-by-defendant, *Mabes v. Thompson*, 136 F.4th 697, 705 (7th Cir. 2025), and a court may address the "clearly established" prong first. *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). The plaintiff bears the burden of overcoming qualified immunity when the defense is invoked at summary judgment. *Mabes*, 136 F.4th at 705.

To meet his burden of showing a "clearly established" constitutional right, Mr. Warner must "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Leiser*, 933 F.3d at 701. Ms. Davis and Ms. Richardson are therefore entitled to qualified immunity unless precedent "squarely governs" the case at hand. *Mullenix*, 577 U.S. at 13 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004)). The Court assesses qualified immunity "in light of all relevant precedent," regardless of whether it was cited by the plaintiff. *Taylor v. Schwarzhuber*, 132 F.4th 480, 487 (7th Cir. 2025).

### A.  Ms. Davis

The only designated evidence of Ms. Davis's involvement with Mr. Warner's lease termination is the Notice that she signed informing Mr. Warner that he had seventy-two hours to vacate the property.  Dkt. 62-4.  While the Notice required Mr. Warner to vacate the premises, that did not violate a clearly established due process right.  *See Leiser*, 933 F.3d at 701.  No "relevant precedent" shows that the Notice constituted an "illegal eviction," and Mr. Warner cites no case clearly establishing a procedural due process right in this context.  *See id.*; *Taylor*, 132 F.4th at 487.  And even if federal statutes and U.S. Department of Housing and Urban Development (HUD) regulations are relevant to the due process analysis, they require only "a reasonable period" of notice when the "health and safety of other tenants . . . is threatened."  42 U.S.C. § 1437d(l)(4); *see* 24 C.F.R. § 966.4(l)(3); *cf.* dkt. 62-1 at 11 (similar lease language).  Mr. Warner therefore has not carried his burden to show the violation of a clearly established due process right.

Mr. Warner also has not identified a clearly established due process right for the Notice to inform him whether he is entitled to a grievance hearing. While HUD regulations require that information in some contexts, 24 C.F.R. § 966.4(l)(3)(v), here too Mr. Warner cites no authority supporting a clearly established due process violation on that basis.  *See* dkt. 63.  Instead, the Seventh Circuit has rejected the argument that "there must necessarily be a due process violation at the constitutional level" for a procedural statutory or regulatory violation.  *Sierra Resources, Inc. v. Herman*, 213 F.3d 989, 992 (7th

6

Cir. 2000). Here, Mr. Warner does not dispute that the Notice set out the reason for the proposed lease termination, *see* dkt. 62-4, and that is generally all that due process requires. *See Simmons v. Drew*, 716 F.2d 1160, 1164 (7th Cir. 1983) (explaining that "[n]otice of the reason" is enough information and the "notice need not even have spelled out the facts that led the [organization] to charge Simmons with vacating her dwelling unit").

Ms. Davis is therefore entitled to summary judgment on qualified immunity.

### B. Ms. Richardson

The designated evidence is that Ms. Richardson denied Mr. Warner's "request for a hearing due to wrongful eviction" because there was a lease termination instead of an eviction, so "a hearing [was] not warranted." Dkt. 62-5. Here too, Mr. Warner has not cited any authority clearly establishing a due process right to a hearing before a lease termination based on allegations of criminal activity. *See* dkt. 63.

Nor does other "relevant precedent" clearly establish that right here. *See Taylor*, 132 F.4th at 487. A hearing is required before termination of some public assistance, including housing support. *Goldberg v. Kelly*, 397 U.S. 254, 261 (1970); *Simmons*, 716 F.2d at 1164. Here, however, federal law allows organizations like the AHA to not provide a pre-termination hearing in situations "involv[ing] any activity that threatens the health, safety, or right to peaceful enjoyment of the premises of other tenants," if the jurisdiction requires a court hearing prior to eviction. 42 U.S.C. § 1437d(k); 42 C.F.R.

966.51(a)(2)(i)(A).  Ms. Richardson argues that she is excluded from the hearing requirement under this provision, dkt. 61 at 5–6, and Mr. Warner designates no contrary evidence, *see* dkt. 63.  *See A.B. ex rel. Kehoe v. Housing Auth. of South Bend*, No. 3:11-cv-163-PPS, 2011 WL 4005987 at *8 (N.D. Ind. Sept. 8, 2011) (finding that "state court eviction procedures were adequate").

Mr. Warner makes no other argument that due process requires that he be afforded a hearing, and cites no authority showing a clearly established right.  *See* dkt. 63.  Since he has failed to carry his burden to demonstrate that Ms. Richardson violated a "clearly established" constitutional right, Ms. Richardson is entitled to summary judgment based on qualified immunity. *Leiser*, 933 F.3d at 701.

## IV.
## Conclusion

Defendants' motion for summary judgment is **GRANTED.** Dkt. [60].

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 9/30/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY D. WARNER
PO Box 194
Noblesville, IN 46061

All electronically registered counsel